BEFORE THE FIRST DIVISION, APRIL 23, 1958

**No. 61857.**—Gough Industries, Inc. v. United States, petition 7224–R (Los Angeles).

WILSON, Judge: This petition is for the remission of additional duties assessed under the provisions of section 489 of the Tariff Act of 1930, by reason of the undervaluation on entry of certain motorcycles imported from England and entered at the port of Los Angeles.

The invoice and entered value was £34 and 13 pence per unit, apparently on a cost-of-production basis. Appraisement of the merchandise was at £46, 4 pence each, plus packing, as invoiced, net, on the basis of a foreign value for the merchandise.

The importation covered by the involved entry was one of several shipments of the same merchandise, and, it appearing that there was a difference of opinion between the customs officials and the petitioner relative to the correct values at which the merchandise should be entered, it was agreed to select the entry here involved as a test case to determine the correct value of all the merchandise imported by the petitioner, the remaining entries being amended under duress. Subsequently, an appeal for reappraisement as to the merchandise covered by the involved entry was duly filed. The same was later abandoned.

The secretary of the petitioning company, who was personally familiar with the details of the involved transaction, testified that, from information received by him, he believed the price set forth on the factory's invoice and the consular invoice was correct for valuation purposes. He further stated that he discussed the matter with the customs officials and, at that time, disclosed all the information in his possession relative to the value of the merchandise; that, in making entry herein, he had no intention of defrauding the United States of any revenue, or of deceiving the examiner as to the correct value for the motorcycles covered by the involved entry (R. 9–10).

The customs broker, who entered the goods in question, likewise testified that he discussed with the appraiser the importations made by the petitioner herein and that, in such connection, he revealed all information supplied him relative to the value of the goods, further stating that, in making entry, there was no intention to deceive the examiner as to the true value of the merchandise.

There further appears in the record the following statement made by counsel for the Government:

Mr. FitzGibbon: May it please the Court, this is not in the line of evidence; however, I would like to say that after an investigation by the Customs agents, it has been reported that they found no evidence of any attempt to deceive the Customs officials or to withhold any facts as to the value of this merchandise, * * *.

The issue here is the good faith of the petitioner in entering the imported merchandise. (*United States* v. *American Metal Co., Ltd.*, 12 Ct. Cust. Appls. 440, T. D. 40612.) From this record, it is apparent that entry of the merchandise here in question at less value than that found on final appraisement was without any intention to defraud the revenue of the United States, conceal, or misrepresent the facts of the case, and was without any intention on petitioner's part to deceive the appraiser as to the value of the merchandise.

The petition is, therefore, granted. Judgment will issue accordingly.